IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| APEX BEAM TECHNOLOGIES LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | Case No. 6:24-cv-00223<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Apex Beam Technologies LLC ("ABT" or "Plaintiff") for its Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), alleges as follows:

## THE PARTIES

1. ABT is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 510 Austin Avenue, #25203, Waco, Texas 76701.

2. Apple is a California corporation and maintains its principal place of business located at One Apple Park Way, Cupertino, California 95014, and may be served with process through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Apple does business in Texas, directly and/or indirectly, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

4. On information and belief, Apple maintains regular and established places of business within this Judicial District, including at least the following locations: 12545 Riata Vista Circle, Austin, Texas 78727; 12801 Delcour Drive, Austin, Texas 78727; and 3121 Palm Way, Austin, Texas 78758. *See* https://www.apple.com/education/purchase/contracts/states/tx_dir.html. Upon information and belief, Defendant employs individuals in this Judicial District involved in the sales and marketing of its products.

## **JURISDICTION**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

6. The amount in controversy exceeds $75,000.

7. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and is present in and transacts and conducts business in and with residents of this District and the State of Texas.

8. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas. Apple conducts its business extensively throughout Texas and derives substantial revenue in Texas, by distributing products for which Apple has refused to offer fair, reasonable, and non-discriminatory license terms pursuant to its obligations. Apple's Austin-based employees received notice letters regarding Plaintiff's claims and regarding Apple's FRAND licensing obligations.

9. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 et seq. Apple is a multi-national company that has a significant presence in this District through the products and services Apple provides residents of this District. Apple regularly conducts business and has committed and benefitted from breach of FRAND obligations

and unjust enrichment within this District that give rise to this action and have established minimum contacts within this forum, such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. For example, Defendant is subject to personal jurisdiction in this Court because, inter alia, Defendant has regular and established places of business throughout this District, including at least at 12545 Riata Vista Circle, Austin, Texas 78727, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the Patents-in-Suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

10. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this Judicial District and has advertised to residents within the District to hire employees to be located in this District.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertised, marketed, sold, and/or offered to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 12545 Riata Vista Circle, Austin, Texas 78727.

12. On information and belief, the below contains a non-exhaustive listing of several Apple employees located in this District that are relevant fact witnesses and have knowledge that is relevant to the claims and defenses of this action:

- Tony Pertro, Senior Legal Counsel at Apple
- Jesse Koehler, Senior Counsel, IP Litigation at Apple
- Ralph Wright, Manager, WW Contracts at Apple

## FACTUAL ALLEGATIONS

**ETSI and 3GPP**

13. It is critical for cellular communication network technology to be standardized around the globe. independent standard-setting organizations, like the European Telecommunications Standards Institute ("ETSI"), establish global standards for the telecommunication industries. ETSI, along with other standard-setting organizations, have made it possible to have global interoperability between networks, devices, and network operators.

14. ETSI sets forth a policy in order to balance intellectual property protections against the need for an open standard by designating certain intellectual property rights (IPR) as "essential." ETSI sets forth the following definition of "essential":

> "ESSENTIAL" as applied to IPR means that it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR. For the avoidance of doubt in exceptional cases where a STANDARD can only be implemented by technical solutions, all of which are infringements of IPRs, all such IPRs shall be considered ESSENTIAL.
> Clause 15.6 of the ETSI IPR Policy,

https://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf

15. Apple is an ETSI member, and has publicly stated its commitment to ETSI FRAND licensing in at least one letter to ETSI, stating that "Apple made its first cellular declaration to ETSI in 2007 . . . when it did, Apple committed to license its cellular standards essential patents under Fair, Reasonable, and Non-Discriminatory terms ("FRAND"). . ." https://www.apple.com/legal/intellectual-property/frand/ETSI-Letter-on-FRAND.pdf

16. Apple is required to have a license to one or more essential patents owned by ABT, including patents identified to Apple during the parties' negotiations.

**The Parties' Negotiations**

17. On May 15, 2023, James A. Trueman, Managing Director of ABT, mailed the correspondence excerpted below to Tony Pertro, Senior Legal Counsel at Apple, Jesse Koehler, Senior Counsel, IP Litigation at Apple, and Ralph Wright, Manager, WW Contracts at Apple, identifying certain Essential patents owned by Apex Beam (the "ABT SEPs") and offering Apple a license on FRAND terms.

> Dear Mr. Koehler:
>
> I am the Manager of Apex Beam Technologies LLC ("Apex Beam"). I am in charge of licensing and enforcement of Apex Beam's patent portfolio, which generally covers systems and methods for transmission schemes in wireless communication systems. We are writing to negotiate an amicable FRAND licensing arrangement between Apple and Apex Beam.
>
> The patents in the Apex Beam portfolio are attached as Attachment A (the "Apex Beam Patents").

18. On June 5, 2023, Matt Clements, Senior Legal Counsel, IP Transactions, at Apple responded to Mr. Trueman via email with the correspondence excerpted below. Apple's response revealed that Apple had been aware of ABT's SEPs for at least six months before receiving ABT's correspondence. Upon information and belief, Apple was directed to ABTs detailed complaints

for patent infringement showing how Apple's products are covered by the ABT SEPs in response to Apple's requests for "detailed claim charts" referenced therein.

19. ABT continued negotiations regarding a license to its Essential patents with third-party representatives of Apple for more than eight months following Mr. Clements June 5, 2023 letter but did not receive any counteroffer.

20. On April 15, 2024 Mr. Trueman responded to Mr. Clements via email with the correspondence excerpted below. The correspondence attached the complaints referenced therein.

> Dear Mr. Clements:
>
> As stated in our May 15, 2023 letter regarding the Apex Beam Patents[1], Apex Beam has attempted to negotiate in good faith an amicable FRAND licensing arrangement with Apple. Unfortunately, Apex Beam's attempt to negotiate a proposed rate based on "Apple 5G units and any future units that implement the technologies claimed in Apex Beam Patents" has been met with refusal to engage in any meaningful or substantive discussion.
>
> While your June 5, 2023 letter identifies requests made to third parties (not Apex Beam) for additional information about the Apex Beam Patents, Apple omits that it has received and currently possesses knowledge of how the Apex Beam Patents have been mapped to the 5G standards. For example, it is our understanding that Apple has been directed to the publicly filed complaints against its competitors Samsung, TCL, OnePlus, and ZTE,[2] which explicitly set forth the mappings of Apex Beam's Patents to the 5G standards which are practiced by Apple's 5G-enabled products. These complaints yield the "details sufficient for [Apple] to conduct a meaningful investigation." We interpret Apple's conduct as part of a delay-to-pay strategy designed to continue deriving the unauthorized benefits of Apex Beam's patented technology. Though we have given Apple ample time to analyze these infringement mappings, Apple has not requested any further information or presented a counter-offer. Thus, our understanding is
>
> ---
> [1] See Attachment A to the May 15, 2023 correspondence from Trueman to Koehler.
> [2] Apex Beam Technologies LLC v. Samsung Electronics Co. Ltd. et al, 2:22-00188-JRG (E.D. Tex., June 1, 2022); Apex Beam Technologies LLC v. TCT Mobile International Limited et al, 2:21-00438-JRG (E.D. Tex., Nov. 30, 2021); Apex Beam Technologies LLC v. OnePlus Technology (Shenzhen) Co. Ltd., 2:22-00032-JRG (E.D. Tex., Feb. 1, 2022); Apex Beam Technologies LLC v. ZTE Corporation, 2:22-00031-JRG (E.D. Tex., Feb. 1, 2022).

that Apple does not need any additional information and is refusing to make a counteroffer under FRAND.

As a practical and logical matter, any further delay by Apple in participating in a substantive dialog would leave Apex Beam with no choice but to suspend negotiations. We request that Apple provide Apex Beam with a substantive response which addresses the infringement mapping in the publicly filed cases and which includes a counterproposal on a royalty rate by close of business on April 24, 2024. Upon suspension of negotiations, Apex Beam will remain available to resume negotiations and will endeavor to exhaust all possible paths to arriving at an amicable FRAND licensing arrangement for the Apex Beam Patents.

As a courtesy, Apex Beam has provided additional copies of the Samsung, TCT, OnePlus, and ZTE complaints.

Sincerely,

James A. Trueman
Managing Director
Apex Beam Technologies LLC



104 East Houston Street, Suite 180
Marshall, Texas 75670

510 Austin Avenue #25203
Waco, Texas 76701

+1-949-922-5221
jtrueman@apexbeamtechnologies.com

21. Apple failed to respond to Apex Beam's April 15 correspondence with any counteroffer as of April 24, 2024.

## COUNT I – BREACH OF CONTRACT

22. The preceding paragraphs are incorporated by reference as if fully set forth herein.

23. Apple designs, manufactures, and markets products that comply with 2G, 3G, 4G, and 5G standards.

24. The European Telecommunications Standards Institute (ETSI) Rules of Procedure Annex 6 at Clause 3.2 states:

> IPR holders, whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS.

25. An implementer of an adopted standard who fails to negotiate in good faith towards a patent license agreement and thereby prevents a license from being granted on FRAND terms is liable to the patent holder for damages including, but not limited to, attorney's fees and the cost of litigation.

26. Apple has contractually committed to comply with such obligations, at least based on its ETSI membership, and its own declarations that its patents are Standard Essential.

27. ABT is an intended third-party beneficiary of Apple's contract with ETSI, and of the ETSI Rules and Policies pertaining to Standard Essential Patent declarations. ABT owns patents which have been declared Standard Essential to ETSI.

28. Since at least May 2023, representatives from ABT and Apple, as well as certain third parties representing Apple, have been engaged in negotiations regarding a license to the ABT SEPs.

29. Apple and its representatives have declined to respond to ABT with any proposed rate for a license to ABT's patents. In doing so, Apple violated its FRAND commitment by depriving ABT of its rights as a third-party beneficiary.

30. As an implementer of wireless standards for which Plaintiff's patents are essential, as a signatory to ETSI, and having invoked FRAND obligations in its communications with Plaintiff and in prior litigation, Defendant is and has been obligated to negotiate in good faith towards a patent license agreement for these patents on FRAND terms, which it has not done. Defendant has failed to negotiate in good faith and has engaged in holdout behavior to extract unfair licensing terms.

31. Plaintiff, which has complied with ETSI's intellectual property policy and has negotiated in good faith, has been harmed by Defendant's breach of its FRAND obligations,

wherein the damages include, but are not limited to, a rate to be determined by the Court and/or restitution sufficient to compensate Plaintiff for Defendant's failure engage in fair, reasonable, and non-discriminatory licensing terms, and the attorney's fees and the cost of litigation it has thus far incurred and is incurring in its attempts to compel Defendant to enter into a license on FRAND terms.

32. Plaintiff further requests a declaratory judgment that Apple has breached Apple's FRAND commitment, as set forth in its IPR licensing declarations to ETSI, as well as ETSI's IPR Policy and any applicable laws.

## COUNT II – UNJUST ENRICHMENT

33. The preceding paragraphs are incorporated by reference as if fully set forth herein.

34. In negotiations with ABT, Defendant has failed to negotiate in good faith and has engaged in holdout behavior to extract unfair licensing terms. In so doing, Defendant has been unjustly enriched, as it has not paid licensing royalties to adequately and fairly reward ABT for the innovations of their SEP portfolio.

35. ABT, which has complied with ETSI's intellectual property policy and has negotiated in good faith, has been harmed by Defendant's failure to negotiate in good faith and holdout behavior.

## DAMAGES

36. As a result of Defendant's acts of infringement, breach of FRAND obligations, and unjust enrichment, Plaintiff has suffered actual and consequential damages. To the fullest extent permitted by law, ABT seeks recovery of damages suffered from Apple's breach of its FRAND obligations and restitution to compensate for Apple's unjust enrichment.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, ABT prays for relief against Defendant as follows:

a. An adjudication that Defendant has breached its FRAND obligations to Plaintiff;

b. An award of damages to be paid by Defendant adequate to compensate Plaintiff for damages suffered from its breach of FRAND obligations;

c. An adjudication that Defendant has been unjustly enriched;

d. An award of restitution to compensate Plaintiff for Defendant's unjust enrichment; and,

e. An award to Plaintiff of such further relief at law or equity as the Court deems just and proper.

Dated:  April 29, 2024                    Respectfully submitted,

                                          /s/ *Raymond W. Mort III*

                                          Raymond W. Mort, III
                                          Texas State Bar No. 00791308
                                          Email: raymort@austinlaw.com
                                          **THE MORT LAW FIRM, PLLC**
                                          111 Congress Avenue, Suite 500
                                          Austin, Texas 78701
                                          Tel/Fax: 512-865-7950

                                          Alfred R. Fabricant (*Pro Hac Vice* to be filed)
                                          NY Bar No. 2219392
                                          Email: ffabricant@fabricantllp.com
                                          Peter Lambrianakos (*Pro Hac Vice* to be filed)NY Bar No. 2894392
                                          Email: plambrianakos@fabricantllp.com
                                          Vincent J. Rubino, III (*Pro Hac Vice* to be filed)
                                          NY Bar No. 4557435

Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF***
***APEX BEAM TECHNOLOGIES, LLC***